IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUIGI'S PAISANS PIZZA, INC., <br><br> Plaintiff, <br><br> v. <br><br> PAISAN'S ITALIAN KITCHEN, <br><br> Defendant. | Civil Action No. _____ |

## COMPLAINT

For its Complaint against Defendant Paisan's Italian Kitchen ("Defendant"), Plaintiff Luigi's Paisans Pizza, Inc. ("Plaintiff"), by its undersigned attorneys, alleges and states as follows:

**Nature of the Action**

1. This is a complaint to redress violations of trademark infringement and unfair competition under federal law, unfair competition in violation of the Illinois Uniform Deceptive Trade Practices Act, and trademark infringement and unfair competition in violation of the common law of the State of Illinois.

2. This action results from the Defendant's wrongful, willful, and reckless use of Plaintiff's federally registered PAISANS mark, and confusingly similar variations thereof, in commerce without Plaintiff's express or implied authorization or permission.

**Jurisdiction and Venue**

3. This Court has jurisdiction over the claims in this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

4. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) because the Defendant resides in this Judicial District, a substantial portion of the property that is the subject of this action is situated in this Judicial District, and the acts of unfair competition by the Defendant and acts of infringement of Plaintiff's federally registered PAISANS mark by the Defendant occurred, and are continuing to occur, in this Judicial District.

5. This Court has jurisdiction over the Defendant because the Defendant resides in this State and Judicial District, the Defendant is engaging in various activities within this State and this Judicial District, including transacting business and committing tortious acts in this Judicial District. The consequences of the Defendant's actions produce effects in and directly implicate this forum.

**The Parties**

6. Plaintiff is an Illinois corporation with its principal place of business at 6226 Ogden Avenue, Berwyn, Illinois 60402.

7. Plaintiff regularly does business under the name "Paisans Pizzeria."

8. Upon information and belief, Defendant is an Illinois corporation with its principal place of business at 8347 W. Grand Avenue, River Grove, IL 60171.

**Plaintiff's Intellectual Property Rights**

9. Plaintiff operates under the PAISANS mark an extremely well-known restaurant out of multiple locations throughout Chicago and the neighboring suburbs.

10. Plaintiff is the owner to all right, title and interest to the service mark PAISANS for use in connection with its restaurant services and catering services.

11. Plaintiff has used its PAISANS mark continuously in interstate commerce in connection with its restaurant services since at least as early as 1985, long prior to the date of the Defendant's infringing activities described herein.

12. Consumers associate the PAISANS mark with Plaintiff and Plaintiff's restaurant services.

13. Through Plaintiff's continuous and longstanding use of the PAISANS mark, the PAISANS mark has acquired significant goodwill and become an extraordinarily valuable asset to Plaintiff.

14. Plaintiff is the owner of record to all right, title and interest to Federal Trademark Registration No. 6,197,117 for the mark PAISANS covering "restaurant services; catering services" in International Class 43. A copy of the Certificate of Registration for Registration No. 6,197,117 is attached hereto as Exhibit A.

**Defendant's Infringing Activities**

15. Defendant is currently offering restaurant services in the Chicago area under the PAISAN'S name without the consent or authorization of Plaintiff.

16. Upon information and belief, Defendant owns and operates a Facebook page https://www.facebook.com/people/Paisans-Italian-Kitchen/100067059729152/, and promotes its services under the PAISAN'S name on this site.

17. Defendant began using the PAISAN'S name in interstate commerce after Plaintiff's first use of its PAISANS mark and after the issuance of Registration No. 6,197,117.

18. Defendant had actual knowledge of Plaintiff and Plaintiff's PAISANS mark before Defendant began using the PAISAN'S name on its restaurant.

19. Upon information and belief, Defendant deliberately and willfully used the PAISAN'S name in interstate commerce in an attempt to trade on the goodwill, reputation, and marketing power created by Plaintiff and Plaintiff's PAISANS mark.

20. Defendant's use of the PAISAN'S name in connection with services identical, or similar, to Plaintiff's services offered under its PAISANS mark is likely to cause confusion as to the affiliation, connection, or association between Plaintiff and the Defendant, all to Plaintiff's damage.

21. Defendant's use of the PAISAN'S name in connection with services identical, or similar, to Plaintiff's services offered under its PAISANS mark has caused actual confusion in the marketplace.

22. Defendant's use of the PAISAN'S name deprives Plaintiff of the ability to control consumer perception of the services offered under a designation that is identical and confusingly similar to Plaintiff's PAISANS mark.

23. Defendant's use of the PAISAN'S name harms consumers and places Plaintiff's valuable brand, reputation, and goodwill in the hands of Defendant, over whom Plaintiff has no control.

## COUNT I

### Infringement of Federally Registered Trademark in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114

24. As the first ground for relief, Plaintiff hereby alleges infringement of its federally registered PAISANS mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Plaintiff incorporates by reference Paragraphs 1 through 23, above, as though fully set forth herein.

25. Defendant infringed Plaintiff's federally registered PAISANS service mark through its use in interstate commerce of the PAISAN'S name, as described herein, and including, without limitation, its adoption of the name PAISAN'S, and the sale and advertisement of restaurant services in connection with the infringing name.

26. Defendant's adoption and use of the infringing PAISAN'S name is without permission or authority from Plaintiff.

27. Defendant's unauthorized adoption and use of the infringing PAISAN'S name is likely to cause confusion, mistake, and/or is intended to deceive consumers in the relevant market.

5

28. Defendant adopted and used the infringing PAISAN'S name in connection with restaurant services with constructive notice of Plaintiff's registration under 15 U.S.C. § 1072.

29. Defendant adopted and used the infringing PAISAN'S name in connection with restaurant services with actual notice of Plaintiff's registration for the mark PAISANS.

30. Defendant's use in interstate commerce, without the consent of Plaintiff, of a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's federally registered PAISANS mark in connection with the sale, offering for sale, distribution, and/or advertising of the Defendant's goods and/or services constitutes an infringement of Plaintiff's federally registered PAISANS service mark as such use is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association between Plaintiff and the Defendant, or as to the origin, sponsorship, or approval of the Defendant's goods and/or services by Plaintiff, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31. Defendant's unauthorized and infringing acts, as alleged herein, constitutes intentional and willful infringement of Plaintiff's rights.

32. Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT II

**Unfair Competition in Violation of
Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

33. As the second ground for relief, Plaintiff hereby alleges federal unfair competition in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1). Plaintiff incorporates by reference Paragraphs 1 through 32, above, as though fully set forth herein.

34. Defendant's unauthorized use in interstate commerce of the PAISAN'S name, as described herein, constitutes a false designation of origin that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association between Plaintiff and the Defendant, or as to the origin, sponsorship, or approval of the Defendant's products or services by Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Defendant's unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of Plaintiff's rights.

36. Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT III

### Violation of the Illinois Uniform Deceptive Trade Practices Act
### 815 Ill. Comp. Stat. 510 *et seq*.

37. As its third ground for relief, Plaintiff hereby alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510 *et seq*. Plaintiff incorporates by reference Paragraphs 1 through 36, above, as though fully set forth herein.

38. Defendant's unauthorized use of the PAISAN'S name allows Defendant to pass off its goods and/or services as those of Plaintiff, causes a likelihood of confusion and/or

7

misunderstanding as to the source, sponsorship, approval, or certification of the Defendant's goods and/or services, and/or creates a likelihood of confusion and/or misunderstanding, inasmuch as Defendant's unauthorized use gives rise to the incorrect belief that Defendant has some affiliation, connection, or association with Plaintiff, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510 *et seq*.

39. Defendant's unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of Plaintiff's rights.

40. Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT IV

### Common Law Unfair Competition

41. As the fourth ground for relief, Plaintiff hereby alleges common law unfair competition. Plaintiff incorporates by reference Paragraphs 1 through 40, above, as though fully set forth herein.

42. Defendant's unauthorized use of the PAISAN'S name constitutes common law unfair competition because such use is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval by Plaintiff of the Defendant's goods and/or services. The public is, for example, likely to believe that Defendant's PAISAN'S designation originates with Plaintiff, is licensed by Plaintiff, and/or is sponsored by, connected with, or related to Plaintiff.

43. As a result of its actions complained of herein, Defendant is likely to cause confusion or mistake, or to deceive members of the consuming public. Defendant has misappropriated valuable property rights of Plaintiff, has passed off its goods and/or services as those of Plaintiff, and is trading on the goodwill symbolized by Plaintiff's PAISANS mark. Said acts, which are willful, constitute unfair competition in violation of the common law of the State of Illinois.

44. Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays that this Court enter the following judgment and order:

A. That Defendant has violated sections 32 and 43(a) of the Lanham Act, has violated the Illinois Uniform Deceptive Trade Practices Act, and has committed acts of unfair competition in violation of the common law of Illinois;

B. That Defendant, its officers, directors, agents, servants, employees, successors, assigns and attorneys, and all those controlled by or in active concert or participation with them, be permanently enjoined and restrained from:

1. Using any name or mark that comprises or includes the PAISANS mark or any other mark, logo, name, or designation that gives rise to a likelihood of confusion, mistake or deception with respect to Plaintiff's PAISANS mark;

2. Doing any other act or thing likely to induce the mistaken belief that Defendant or the Defendant's goods and/or services are in any way affiliated with, associated with, or sponsored by Plaintiff;

3. Trading on the goodwill associated with the PAISANS mark, and passing off its goods and/or services as those of Plaintiff;

4. Injuring Plaintiff's business reputation and the goodwill associated with its PAISANS mark;

5. Registering, trafficking in, or using a domain name that is identical or confusingly similar to the PAISANS mark; and

6. Otherwise unfairly competing with Plaintiff in any manner whatsoever.

C. That, pursuant to 15 U.S.C. §1118, Defendant be ordered to deliver to the Court or to Plaintiff for destruction all labels, packages, brochures, wrappers, advertisements, literature, promotions, letterhead, displays, catalogs, Internet web pages and all other physical matter, whether in paper or electronic form in the custody or under the control of Defendant that constitute, bear or depict the PAISAN'S name, or any other unauthorized use of the PAISAN'S name, as used in connection with the advertisement of the Defendant's goods and/or services and/or that contain false or misleading statements relating Plaintiff's PAISANS mark;

D. That, pursuant to 15 U.S.C. §1116, Defendant be directed to file with the Court and serve upon Plaintiff within thirty (30) days after issuance of an injunction that incorporates the aforementioned relief (as well as any other injunctive relief) a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

E. That the Court order the forfeiture or cancellation of the Facebook page https://www.facebook.com/people/Paisans-Italian-Kitchen/100067059729152/, and any other

domain names that are confusingly similar to Plaintiff's PAISANS mark, or that said domain names be transferred to Plaintiff;

  F. That Plaintiff be awarded monetary relief in an amount to be fixed by the Court in its discretion, including (but not limited to):

1. All profits received by Defendant as a result of its unlawful actions, said amount to be trebled due to the Defendant's willful misconduct;

2. All damages sustained by Plaintiff as a result of the Defendant's unlawful acts, said amount to be trebled due to the Defendant's willful actions; and

3. Punitive damages.

  G. That Defendant be ordered to compensate Plaintiff for the advertising and other expenditures necessary to dispel any public confusion caused by the Defendant's unlawful acts complained of herein;

  H. That, because of the exceptional nature of this case resulting from the Defendant's deliberate and willful actions, this Court award to Plaintiff all reasonable attorneys' fees, costs and disbursements incurred by Plaintiff as a result of this action;

  I. That the Court require Defendant to pay prejudgment interest on any and all monetary awards, (in whatever form), costs and expenses for this suit to which Plaintiff is entitled; and

  J. That the Court order all other and further relief that it deems proper and just.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands trial by jury in this action on all issues triable by jury.

DATED: August 12, 2021                Respectfully submitted,


                                      /s/ Howard S. Michael
                                      Howard S. Michael
                                      Fan Cheng
                                      Crowell & Moring, LLP
                                      455 N. Cityfront Plaza Drive, Suite 3600
                                      Chicago, IL 60611
                                      (312) 321-4200

                                      Attorneys for Plaintiff
                                      Luigi's Paisans Pizza, Inc.